IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANDRE CERRONE SCOTT,

    Petitioner,                      No. CIV S-10-2492 WBS GGH P

    vs.

MIKE McDONALD,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        As set forth in the previous order, filed on February 3, 2011, petitioner challenges his 2008 conviction for first degree murder pursuant to 28 U.S.C. § 2254 on two grounds: 1) trial court error abuse of discretion when jury was given a supplemental "firecracker" instruction after the court became aware the jury was deadlocked with a hold-out juror, resulting in a coerced verdict; petitioner appears to combine that claim with one for ineffective assistance of counsel to the extent the issue may be deemed waived by his counsel's actions/omissions; 2) trial court error in giving flight instruction where there was no substantial evidence of flight immediately after commission of crime, or the accusation of a crime having been committed. Petition, pp. 1, 7, 28-53. The court further noted that pursuant to an earlier order, filed on October 10, 2010, respondent had filed an answer on December 8, 2010, after which, instead of filing a reply/traverse, petitioner, on January 19, 2011, filed a motion for a stay. See Order, filed on

1

1  February 3, 2011.

2  Petitioner based his motion on having filed, in October of 2010, a habeas corpus petition in the state superior court seeking to exhaust five additional claims, which the court has numbered as 3 through 7; claim 3: insufficient evidence to support conviction/actual innocence; claim 4: prosecutorial misconduct; claim 5: ineffective assistance of trial and appellate counsel; claim 6: prosecution failed to prove every element (intent, malice aforethought, premeditation) to prove first degree murder; claim 7: prejudice by trial court abuse of discretion in permitting jury to hear misstated evidence by prosecution without sua sponte admonition.  See Order, filed on February 3, 2011, citing Motion, pp. 1-2.

The court provided respondent an opportunity to respond before considering the motion in the February 3, 2011, order, which response, in the form of an opposition, was filed on February 15, 2011.  In his motion, petitioner indicates that his state superior court habeas petition was denied on December 15, 2010, and states that his preparation for a petition to the California State Supreme Court was in process.  Motion, p. 2.  What petitioner does not do, however, as respondent notes, is provide any cause whatever for bringing new claims after having filed his federal petition.  Opposition, p. 3.  As respondent contends (Opp., p. 2), district courts may stay a habeas petition while a petitioner exhausts additional claims in state court.  Rhines v. Webber, 544 U.S. 269, 277, 125 S.Ct. 1528 (2005).  However, the United States Supreme Court has found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation.  Rhines, supra, at 277-78, 125 S.Ct at 1535.

In this instance, the original petition itself is not mixed inasmuch as petitioner's two original claims were exhausted when the petition was filed, which respondent does not

\\\\\

1    contest. See Answer, p. 6.[1]  It is not clear whether petitioner had even identified the new claims
2    at the point that he filed his federal petition.  Moreover, far from showing the requisite good
3    cause for his delay in seeking to exhaust his new claims, as respondent argues (Opp., p. 3),
4    petitioner provides no reason at all in his motion for the delay.  Respondent points to a Ninth
5    Circuit case, wherein the Court of Appeal determined that a petitioner's explanation for his
6    failure to exhaust a claim arose from his being "under the impression" that his counsel had
7    included all the issues that had been raised before the state Court of Appeal in his state Supreme
8    Court petition. Opp., p. 2, citing Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008).  The
9    Wooten court stated that "[t]o accept that a petitioner's 'impression' that a claim had been
10   included in an appellate brief constitutes 'good cause' would render stay-and-obey orders
11   routine." Id.  The Ninth Circuit was "mindful that AEDPA aims to encourage the finality of
12   sentences and to encourage petitioners to exhaust their claims in state court before filing in
13   federal court." Id., citing Rhines, 544 U.S. at 276-77, 125 S.Ct. 1528.  Therefore, to conclude
14   that a petitioner's lack of knowledge as to whether a claim had been exhausted could constitute
15   "good cause" for a failure to exhaust "would conflict with the Supreme Court's guidance in
16   Rhines and disregard the goals of AEDPA." Id.  In holding that the district court had not abused
17   its discretion in having concluded that Wooten did not have good cause for his failure to exhaust
18   his cumulative error claim, the Ninth Circuit determined that the other two factors of the Rhines
19   test need not be reached. Id., at 1023.

20           As noted, in this instance, petitioner provides no reasons at all for having failed to
21   raise these new claims previously, falling far short of meeting the "good cause" requirement.
22   Further, as respondent maintains, the additional claims are likely to be procedurally barred in
23   state court as having untimely raised the claims, with citation to In re Clark, 5 Cal. 4th 750, 21
24   Cal. Rptr.2d 509 (Cal. 1993), and/or, under Ex parte Dixon, 41 Cal.2d 756, 759, 264 P.2d 513

---

[1] Per the court's electronic pagination system.

(Cal. 1953), for having earlier failed to raise the issues on direct appeal. The motion to stay should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's January 19, 2011, motion for a stay, pending exhaustion of additional claims in state court, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/30/2011

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
scot2492.fr