IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANDRE CERRONE SCOTT,

    Petitioner,                  No. 2:10-cv-2492 WBS AC P

    vs.

MIKE McDONALD,

    Respondent.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for habeas relief pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's March 27, 2012 motion for leave to file an amended petition. Doc. No. 20. Respondent opposes the motion, Doc. No. 23, and petitioner has filed a reply, Doc No. 24.

<u>Background</u>

        Petitioner was convicted on March 28, 2008 of first degree murder and first degree robbery and was determined to have suffered two prior serious felony convictions. He was sentenced to a term of eighty-five years to life. The Third District Court of Appeal affirmed

1

the judgment on March 18, 2010.  Petitioner's petition for review was denied by the California Supreme Court on June 9, 2010, and the judgment became final on September 7, 2010.  The original federal petition was dated August 27, 2010, and docketed by the court on September 15, 2010.  The answer was filed on December 6, 2010.  Doc. No. 9.  Petitioner filed a motion to stay, pending exhaustion of additional claims, on January 19, 2011; the motion was denied on June 23, 2011.  Doc. No. 17.  Petitioner filed a traverse on July 28, 2011.  Doc. No. 19.  The motion for leave to amend, filed March 27, 2012, is dated March 21, 2012.

Standards Governing Leave to Amend

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  See also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure).  Petitioner's motion is governed by Fed. R. Civ. P. 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave."[1]  In considering whether to grant leave to amend, under Rule 15(a)(2), the court "should freely give leave when justice so requires."  See, e.g., Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir.1993) (the Ninth Circuit reviews a denial of leave to amend "for abuse of discretion and in light of the strong public policy permitting amendment.").  Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

/////

---

[1] Fed. R. Civ. P.15 (a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Petitioner's proposed amendments fall outside these parameters.  Accordingly, leave of court is required.

In general,

> "[a] document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (internal citations omitted); see also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir.2002) ("*Pro se* habeas petitioners may not be held to the same technical standards as litigants represented by counsel." ); United States v. Seesing, 234 F.3d 456, 462 (9th Cir.2001) ("Pro se complaints and motions from prisoners are to be liberally construed." ).

Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). While the court must construe a pro se petition liberally, "the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).

## Issues Presented

Petitioner seeks leave to amend in order to add newly exhausted claims. He submits a proposed first amended petition, and attaches orders denying state habeas relief from the superior court, court of appeal, and California Supreme Court. Doc. No. 21. The motion to amend references petitioner's prior request for a stay, which had been based on the pendency of exhaustion proceedings. See Doc. No. 20. Respondent opposes the motion on grounds of undue delay, prejudice, non-exhaustion and untimeliness of the newly-presented claims. Respondent contends, among other things, that the newly exhausted claims are untimely because they do not "relate back" to the original petition. Doc. No. 23, pp. 1, 3. Petitioner counters that his claims are exhausted, not untimely, and relate back to those of the original petition. He argues further that his claim of actual innocence should permit him to proceed on his new claims even if they

3

are untimely.[2]  Amended Petition, Doc. No. 21; Reply (Doc. No. 24), pp. 1-8.

## Analysis

*Exhaustion*

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In opposition to the motion, respondent affirmatively represented to this court that the claims of the proposed amended petition are unexhausted. In support of this contention respondent merely pointed out that petitioner had not demonstrated that the claims had previously been presented to the California Supreme Court. Doc. No. 23, pp. 5-6. The court subsequently ordered petitioner to provide a copy of the habeas petition he had filed in the state Supreme Court, which he did. Doc. Nos. 25, 33. The claims in the state and federal petitions are identical,[3] and plainly identify the federal rights asserted. Accordingly, respondent's non-exhaustion theory lacks any factual or legal basis.

////

---

[2] See Schlup v. Delo, 513 U.S. 298, 314-15 (1995) (recognizing an "actual innocence" gateway for merits consideration of claims that are otherwise procedurally barred).

[3] Both petitions present the same seven grounds for relief: 1) "insufficient evidence to substantiate conviction based upon actual innocence"; 2) prosecutorial misconduct pretrial and at trial, "police misconduct, malicious abuse of process, unlawful attachment and vindictive prosecution"; 3) ineffective assistance of counsel during discovery, pre-trial proceedings, at trial; 4) ineffective assistance of appellate counsel; 5) "prosecution failed to prove every element of intent, expressed malice aforethought and premeditation in order to convict petitioner of first degree murder"; 6) trial court's abuse of discretion denied petitioner his constitutional right to a fair trial; 7) jury misconduct denied petitioner a fair trial. The factual allegations and supporting points and authorities of the state petition are reproduced verbatim in the federal petition.

*Timeliness*

Respondent contends that petitioner's motion should be denied because his proposed new claims have been submitted outside AEDPA's one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). Respondent argues first that the filing of the initial *federal* petition did not toll the running of the limitations period, and then that the newly-presented claims do not "relate back" to the original petition within the meaning of Fed. R. Civ. P. 15. Doc. No. 23, pp. 3-5. Respondent is quite correct on both points,[4] but neither is dispositive of – or even relevant to – the timeliness issue actually presented on the facts of this case. Petitioner has provided documentation establishing that he was actively litigating in state court during the time that respondent contends the statute of limitations was running. The orders denying relief demonstrate that none of petitioner's state petitions were ruled untimely or otherwise "improperly filed." Doc. No. 21 (attachments). These facts suggest that petitioner may be entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . ." Respondent completely fails to identify or address this issue.

Petitioner's conviction became final for purposes of the statute of limitations on September 7, 2010, when the time expired for him to seek certiorari from the California Supreme

---

[4] It is well established that the pendency of a federal petition does not toll AEDPA's limitations period. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003). It is equally clear that the relation back doctrine, which saves otherwise untimely claims when they arise from the same transaction or occurrence as timely-filed claims, does not apply where, as here, the additional claims are supported by facts that differ in both time and type from those set forth in the original pleading. Mayle v. Felix, 545 U.S. 644 (2005).

1 Court's denial of review on direct appeal.[5]  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir.
2 1999).  Accordingly, the limitations period began to run on September 8, 2010.  See Patterson v.
3 Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner states that his first state habeas petition
4 was submitted to the superior court sometime the following month, in October of 2010.[6]  That
5 petition was denied on December 15, 2010 in a written order that did not find untimeliness or
6 any other filing defect that would defeat tolling during the pendency of the action.  See Bonner
7 v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (a state petition denied as untimely was not
8 "properly filed" in the first place and does not toll the limitations period), amended, 439 F.3d
9 993 (9th Cir.), cert. denied, 549 U.S. 856 (2006).   Petitioner filed next in the Third District
10 Court of Appeal.  That court issued a summary denial, without any citation indicating
11 untimeliness or other procedural defect,  on May 12, 2011.  The California Supreme Court issued
12 a similar postcard denial on December 21, 2011.  The proposed amended federal petition was
13 filed, by application of the mailbox rule, three months later on March 21, 2012.[7]

14 Neither party has provided all the dates relevant to the statutory tolling analysis.
15 Absent unreasonable delay in the process of proceeding from one court to the next, a California
16 prisoner is entitled to tolling throughout the time it takes to complete a full round of state
17 collateral review.  Waldrip v. Hall, 548 F.3d 729, 738 (9th Cir. 2008), cert. denied, 130 S.Ct.
18 2415 (2010).  Because the statute of limitations is an affirmative defense, Randle v. Crawford,
19 604 F.3d 1047, 1052 (9th Cir.), cert. denied, 131 S.Ct. 474 (2010), it is respondent's burden to

---

[5] As previously noted, the state supreme court denied direct review of the case on June 9, 2010.

[6] See Doc. No. 11 (Motion To Stay), p. 1.

[7] See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner document deemed filed on the date prisoner delivers it to prison authorities for mailing); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

6

demonstrate why the limitations period was not tolled throughout petitioner's journey through the state courts. Respondent has not met, or attempted to meet, that burden. The record now before the court does not support a finding that petitioner unreasonably delayed his exhaustion process such that statutory tolling would not apply. If plaintiff's newly presented claims are timely under § 2254(d)(2), as appears likely, then this court need not reach application of the actual innocence exception or the relation back doctrine, or inquire into the possibility of equitable tolling.

Respondent's inadequately supported untimeliness argument is insufficient to defeat the policy of liberality in granting leave to amend. This ruling is without prejudice to respondent's formal assertion of a limitations defense in response to the First Amended Petition.

*Prejudice to Respondent*

Respondent contends that he would be prejudiced by the filing of an amended complaint after an answer and traverse have already been filed. Respondent also argues that the motion to amend is merely petitioner's latest attempt to prolong the proceedings, and suggests that the motion is brought in bad faith. He argues that petitioner offers no explanation for his prior omission of the new claims. The latter point is untenable in light of petitioner's previous motion for a stay. The chronology set forth above illustrates that petitioner did not raise the claims earlier in this court because he understood his duty to exhaust them first. In reply to respondent's argument, petitioner explains further that he could not have raised the additional claims until he received his case file from appellate and trial counsel, at which time he filed the original timely habeas petition and sought a stay. Reply, p. 4. He suggests that he did try to have his appellate counsel bring the claims earlier and when his counsel failed to do so, he brought them himself at the earliest possible time. There is no basis for a conclusion that petitioner was dilatory or has acted in bad faith.

7

1    It may be that answering the additional claims will inconvenience respondent, but inconvenience is a far cry from actual prejudice.  Respondent has made no showing that his ability to respond to any of the newly-exhausted claims has been impaired by the timing of their presentation in this court.

Conclusion

The court finds that the motion to amend should be granted.  Petitioner, however, has failed to include in his first amended petition the two claims set forth in his original petition.  Local Rule 220 requires that all of petitioner's claims be contained within one pleading.  Therefore petitioner must provide a second amended petition, within thirty days, that incorporates all of his claims.  Once petitioner has filed his second amended petition, responsive pleading shall follow the schedule set forth below.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for leave to file an amended petition, filed on March 27, 2012 (Doc. No. 20), is granted;

2. The proposed first amended petition, filed on March 27, 2012 (Doc. No. 27), is dismissed with leave to file a second amended petition containing all of petitioner's exhausted claims within thirty days; thereafter, respondent will have thirty days to file an amended answer, after which petitioner will be permitted thirty days to file any traverse/reply.

DATED: January 15, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
scot2492.mtn